Good morning, Your Honor. May it please the Court, my name is Ron Cameron. I'm the attorney for Ronald Delhaye. Mr. Delhaye is around 60 years old at this time. He's been a lawful permanent resident for 50 years. He has only one conviction. That was about 25 years ago. And he has been living in the United States since he was 11 years old. Because of the conviction that he has, he was placed into removal proceedings. And the lawyer that he hired previously was ineffective. How could he be ineffective if he, in fact, succeeded in persuading the immigration judge on behalf of his client? The reason he was ineffective is because he did not make a record. He should have made a record. He should have known that. He had enough of a record to persuade the immigration judge, didn't he? But he didn't make enough of a record that would have persuaded the BIA. So if you don't persuade the BIA, that, by definition, means you've been ineffective? Well, that may not be the entire case where, if you don't pursue the BIA, that you will be ineffective. But the fact is that he should have, at the bare minimum, hired an expert witness. He should have. After the I have. Now, let me ask you. I mean, I've been puzzled by this because you moved to submit this case on the briefs. Your argument against the prior counsel is basically he didn't do everything he could have done. You proposed to submit this case on the briefs. So you proposed to submit this case without doing everything you could have done as well. Should we take your motion as being a reflection of potential ineffective assistance of counsel on your part? Your Honor, my understanding was that oral arguments were optional and they were not. You were willing to forego it, just like the prior counsel is willing to forego having an expert. Well, it seems to me your argument is if you don't win, you've been ineffective somehow. If something more could have been done, then that's a deficient counsel. And if that's the case, these cases will never end because a petitioner can never lose. Because if he loses, it's because of ineffective assistance of counsel. And yet I found no professional standards reflected in your submission, nothing that tells us why under professional standards prior counsel's performance was below standard. So why isn't your rule simply if you lose, the lawyer's ineffective and you ought to be able to try again? Is that the rule you're advocating? No, Your Honor, I'm not. You look at the totality of the circumstances. You look to see exactly what he did and he did not do. The general rehabilitation. Is that the rule, totality of the circumstances, or is it what the standard is of people similarly situated in the bar, whether they rise to a certain level of competence? The standard would be with the people similarly situated. Okay, and what is it, following up on Judge Clifton's comment, what is it exactly that this lawyer did wrong? He got the IJ's approval, got reversed by the BIA, but other than that, what did he do wrong? He didn't call any witnesses except for the respondent. Okay, well, let's take those. First we got the wife and children, but all of their testimony was in writing, rather extensive, and the IJ was persuaded by it, read it, thought it was superfluous. What's wrong with that? What did he do wrong there? Well, those would be witnesses that are closely connected with the respondent or with the petitioner. I understand, but it could also be a downside. What if the government's counsel started to probe with this young daughter that was molested and suddenly found out that there was a whole lot more to it than previously came out, and all of a sudden you've opened up a can of worms? Isn't that a strategic decision on the part of the lawyer here to say, we got all this here in writing, we really don't need to go there, I'm leaving that alone. Isn't that a perfectly normal, acceptable strategic decision on the part of the lawyer? Well, Your Honor, under those circumstances it might be, but I'm going on the basis of the hiring an expert witness. Okay, well, that's the second question, the expert witness. What exactly would the expert witness have brought? Everything was in there except, what, the rehabilitation? The expert that I hired, because the conviction is sold, the expert I hired made a determination that Mr. Galhey was rehabilitated, and if the previous lawyer had hired an expert, I don't believe that we would be here today. I believe that, more likely than not, the BIA would have found genuine rehabilitation. But that's pure supposition, isn't it? I mean, the reality is that the IJ, this is a, I think it's an eight-part test, under Rush Dababi, the IJ found that. The IJ found there was sufficient evidence to meet all those tests. There was no expert witness hired. It is true that the BIA disagreed, but the reality is he won at the trial level. How can you say that he did not meet the standard required for someone in the legal profession in his circumstances? Most lawyers that I know, Your Honor, including myself, that I, whenever an individual has a criminal conviction, and his conviction is a pretty serious conviction, that the lawyers that I've known, including myself, I would always have an expert that will testify to the rehabilitation, and I think the rehabilitation was a core issue. So you think that in the previous case they should have hired an expert witness rather than looked at the PSR? I don't think they should have looked at the PSR at all. I think they should have hired an expert witness, an expert witness would have testified to, just like I did. I did hire an expert witness. So by your lights, the failure to hire an expert witness is per se an ineffective assistance of counsel? Well, that's just only one factor. What else did he do? Well, he did not threat the client. He didn't spend any time with the client. And the client had even asked him that do we need an expert, and he did not get back to the client. He did not. They considered it and decided it wasn't necessary. I'm not sure exactly what went on. It was discussed. It was discussed, and they didn't do it. They obviously made a professional judgment that a professional, an expert witness was not necessary, right? Well, besides the expert witness, there were other witnesses that were willing to come forward, his business associates who were willing to come forward. There were people from the church that were willing to come forward to testify on his behalf, and he did not contact any one of them. And the wife and the children were also at the courthouse, and he did not call them as witnesses. So... Let me just ask one more question. I'm sure my comrades here on the bench have other questions as well. Let's just say hypothetically that he was ineffective for the reasons you've articulated. Was it prejudicial in this case? Was this harmless error in light of the fact that the I.J. found in your client's favor? Well, the I.J.'s ruling was proper, but when it was the government appealed it to the BIA, BIA hung a hat on only on two things, one on conviction, and the second one had to do with his viewing of some pornography, adult pornography. Well, they said two things specifically, and including they had doubts about his rehabilitation. They said, since completing the court-ordered counseling, the respondent has not received any further counseling or therapy, and he views pornographic video materials. Would the expert witness or any other witness that you think the prior counsel should have submitted have been able to contradict either of those facts? Your Honor, the he did not ask... Simple question. Would the expert witness or any other witness you think prior counsel should have submitted have been able to contradict either of those facts? Yes or no? I'm not sure if the expert would have been able to contradict. If the answer is no, then what reason do we have to believe the BIA would have reached a different decision? You can hire an expert to say almost everything, and you get an expert up there to say that I think he's rehabilitated, and it doesn't speak to either of the facts cited in the BIA decision, why should we believe the expert would have made a difference? If BIA would have found out his reasoning behind watching the pornography, a pornographic material, then that would have explained. His lawyer did not ask him to explain or ask him any follow-up questions to find out why he was viewing adult pornography with his wife. Thank you. Why don't we go to the government and give it a chance. Thank you, Your Honor. Good morning again, Your Honors. Ann Wellhoff for Respondent, United States Attorney General Holder. Your Honors, again, what we have before us today is a non-United States citizen who is a lifetime registered sex offender who has been convicted of an absolutely heinous crime involving a minor child, his daughter, seeking the privilege of staying in the United States of America. The Attorney General, again, vested with the discretion to decide whether he warrants that privilege, has spoken and has said no. The Attorney General did so after a thorough, reasoned, and thoughtful balancing and weighing of all the evidence in the case and concluded that the circumstances of the crime were so heinous and so serious that the negative factors are outweighed. And so long as that's the only issue on the table, we're finished. That is to say we have no jurisdiction. Let me ask you two questions. Number one, and this may not have any bearing on the actual outcome of the case, I noticed from the notation on the briefs that he's incarcerated. How come? Because of his crime, Your Honor. Not because of his crime. Let's just say his crime was a long time ago. So he's not being punished for his crime now. He's clearly incarcerated in association with this removal proceeding. Why is he now incarcerated? We've got lots of people who are in removal proceedings against whom there's an order and they're not incarcerated. The Attorney General has the statutory authority to incarcerate certain individuals, and they did so in this case. You don't know the reason? I don't. Okay. The short answer is you don't know. Okay. Nor do I. But the second question really is the only question that's in front of us, and that's ineffective assistance of counsel. And I think you heard the question from the bench. We're having trouble finding ineffective assistance of counsel. Okay. Well, Your Honor, yes, I do believe that there are the two issues in front of the court because there's two different dockets. But to speak to that, the board exercised its discretion and determined that there was absolutely no evidence that the attorney, Vikram, performed in a manner below an acceptable level of competence. The record speaks loudly to that, Your Honor. As this court showed with its questions, the attorney in fact persuaded the immigration judge that the favorable exercise was warranted. And there is absolutely no evidence that his conduct was below an acceptable level. The board didn't reach the question of prejudice, Your Honor, but I will note that the court seemed interested in that and did inquire. Petitioner certainly hasn't proffered any evidence that would show that if Attorney Vikram had done some of the things that he alleges he should have, for example, introduced an expert report, he has not shown that having done so would have overcome the other overwhelmingly negative factors in this case sufficient to change the outcome. He hasn't shown that. But again, the board didn't even need to go there because it stopped at saying there was no ineffective assistance in this case. And the board's decision based on the record in this case is entirely with a sound exercise of discretion in denying that motion. But as far as the – as I stated, I do believe the other issue on the table is whether there's only legal issues present for purposes of revisiting the discretionary analysis. And as Respondent outlined in his brief, there are no colorable constitutional or legal questions presented in this case. The Attorney General's discretionary analysis is insulated from this Court's review, and the Court should not delve into that. And if the Court has no further questions, I'll finish my presentation. Well, just to be sure we understand, the only constitutional claim is the ineffective assistance of counsel if there is one. That's a Sixth Amendment claim, right? Well, Your Honor. Now, I'm not saying I agree with it. I'm just saying we have jurisdiction to analyze that, do we not, under our case law? Under your case law, this Court does entertain those as Sixth Amendment issues. It's Respondent's position, as outlined in his brief, that there is no constitutional right to effect it. We understand. We know there are other circuits who feel differently. But it's – we do have authority to analyze the IAC question, whether we agree with it or not. But that gets us beyond the jurisdictional issue if you follow our case law. Under your case law, yes, Your Honor, and Respondent respectfully disagrees that there is any such constitutional right. But when – We're shocked that the government would disagree with any ruling of the Ninth Circuit. Your Honor, but once the Court does so and finds jurisdiction and asks the question whether there was a constitutional violation because of ineffective assistance, this record speaks very clearly that there was no substandard conduct in this case. Thank you. Would you like a moment? Okay. Thank you. Thank both of you for coming in for the argument. Delahaye v. Holder now submitted for decision. Next case on the calendar, we've got two Chun cases. This one is Ng Chung, ENG 0675183. Good morning. May I please have the Court? One second. Let everybody get set up. Oh, sure.
judges: Fletcher W. , Clifton, Smith M.